

# Missouri Court of Appeals

### Southern District

### Division One

KATHY HALL, )
)
    Claimant-Respondent, )
)
vs. )    No. SD34140
)
MISSOURI STATE TREASURER, )    **Filed: July 14, 2016**
AS CUSTODIAN of the SECOND )
INJURY FUND, )
)
    Respondent-Appellant. )

### APPEAL FROM THE LABOR AND
### INDUSTRIAL RELATIONS COMMISSION

## **AFFIRMED**

The Treasurer of the State of Missouri as custodian of the Second Injury

Fund ("the Fund" or "Fund") appeals from a final award of workers'

compensation benefits issued to Kathy Hall ("Claimant") by the Labor and

Industrial Relations Commission ("the Commission"). On appeal, the Fund

brings two points, which, in substance, both argue the Commission "wholly

abandoned" the dictates of Section 287.190.6(2)[1] in relying on subjective medical

---

[1] All references to Section 287.190 are to RSMo Cum. Supp. (2011). All other statutory references are to RSMo (2000).

findings rather than objective medical findings. The Fund's arguments fail because the objective test upon which the Fund relies does not measure the impairment from which Claimant suffers and the objective test which does measure the impairment from which Claimant suffers was not conducted here. Consequently, we affirm the Commission's award.

## Factual and Procedural Background

Claimant was employed by Solo Cup Company ("Solo") in Springfield from 1975 until March 2011 and frequently worked near loud and percussive machinery. In 2012, Claimant filed an amended claim for compensation with the Division of Workers' Compensation that alleged Claimant suffered from "[h]earing loss and tinnitus" as a result of being "exposed to harmful noise" while working at Solo. Claimant sought permanent partial disability benefits from Solo based on her tinnitus and permanent total disability benefits from the Fund based on the combination of her preexisting conditions and her tinnitus.

After Claimant settled her claim for permanent partial disability with Solo, a hearing was held before an administrative law judge ("ALJ") to determine the Fund's liability. By stipulation of the parties, the only issues to be decided at the hearing were "the nature and extent of any permanent disabilities" and "the liability of [the Fund] for permanent total disability or enhanced permanent partial disability."

Claimant's evidence included, *inter alia*, her medical records, Doctor P. Brent Koprivica's ("Dr. Koprivica") deposition, and Claimant's testimony. Claimant testified that she had a "continuous buzzing" in her ears which impeded her ability to understand normal conversation. Dr. Koprivica noted an

2

abnormality in Claimant's audiograms which correlated with Claimant's subjective symptoms of tinnitus and, based on her lack of understanding, assigned a rating of 12.5 percent permanent partial disability.

The Fund presented the deposition of Doctor Allen Parmet ("Dr. Parmet"). Dr. Parmet described two hearing tests. Dr. Parmet noted the existence of a speech discrimination test ("SDT") which would show if an impairment in understanding had resulted from tinnitus but this test was not conducted on Claimant. Instead, Dr. Parmet based his opinions on a 2012 speech reception threshold test ("SRTT") where Claimant's results were found normal. Even though the SRTT did not test the ability to understand speech, Dr. Parmet concluded Claimant had no impairment from tinnitus.

After considering all of the evidence, the ALJ found that, based on the testimony of Dr. Koprivica, Claimant was unable to compete in the open labor market as a result of the combination of tinnitus with Claimant's preexisting conditions. The ALJ found Claimant "to be permanently totally disabled as a result of a combination of the 2010 injuries [tinnitus] and preexisting [conditions] affecting the [Claimant's] heart, bilateral knees, and body as a whole." The ALJ accordingly assessed liability against the Fund.

Thereafter, the Commission affirmed the ALJ's award and decision and adopted her findings as its own. This timely appeal follows.

## Discussion

On appeal, the Fund challenges us to ignore our role as a reviewing court, by characterizing the issues on appeal in the following manner:

3

Is this Court going to require ALJs and the Commission to adhere to the hard, real-world application of § 287.190.6(2)? Missouri's law, in workers' compensation claims, requires objective medical findings to prevail over subjective medical findings; however, the implementation of Missouri's law has been wholly abandoned by the ALJ and the Commission in this claim.

Both of the Fund's points are based on this assertion. Point one argues it was error to rely on Dr. Koprivica's testimony rather than Dr. Parmet's testimony because Dr. Koprivica's testimony was based on subjective medical findings while Dr. Parmet's testimony was based on objective medical findings. Point two argues that, because of that misplaced reliance, the Commission should not have found Claimant suffered a compensable injury. However, both of these points fail for the same reason: the objective medical findings of the SRTT that the Fund argues the Commission was required to apply simply do not address the dispositive issue—Claimant's ability to *understand* speech as a result of her tinnitus.

Section 287.495.1, outlines the scope of our review and provides in pertinent part that:

Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

4

§ 287.495.1.

"Where, as here, the Commission incorporates the ALJ's findings and conclusions, we review those findings as adopted by the Commission." ***Dorris v. Stoddard Cnty.***, 436 S.W.3d 586, 588 (Mo. App. S.D. 2014). "We defer to the Commission's findings as to weight and credibility of testimony and are bound by its factual determinations." ***Patterson v. Cent. Freight Lines***, 452 S.W.3d 759, 764 (Mo. App. E.D. 2015).

"The purpose of the [F]und is to encourage the employment of individuals who are already disabled from a preexisting injury, regardless of the type or cause of that injury." ***Pierson v. Treasurer of State***, 126 S.W.3d 386, 389-90 (Mo. banc 2004). To that end, the Missouri Workers' Compensation Law provides for compensation from the Fund if an employee with a preexisting permanent partial disability which is a hindrance or obstacle to employment and meets certain prescribed thresholds of severity suffers a second compensable injury and if the combination of the preexisting disability and the disability from the second compensable injury is greater than the disability from the second compensable injury alone. § 287.220.2. Under such circumstances, the employer must compensate the employee for the disability caused by the second injury alone, while the Fund provides compensation for the increase in disability caused by the combination of the effects of the second injury with effects of the preexisting disabilities. ***Id.***

Here, the Fund did not dispute the existence of Claimant's preexisting disabilities, and the parties stipulated that Claimant suffered an occupational disease arising out of and in the course of her employment, so the only sub-issue

5

was the *extent* of any disability arising from that occupational disease.  Here, the Fund challenges Claimant's proof on that issue by claiming § 287.190.6(2) prohibited the Commission from crediting Dr. Koprivica's expert medical opinion, allegedly based on Claimant's subjective complaints, rather than Dr. Parmet's expert medical opinion, allegedly based on the objective SRTT.  Section 287.190.6(2) provides:

> Permanent partial disability or permanent total disability shall be demonstrated and certified by a physician.  Medical opinions addressing compensability and disability shall be stated within a reasonable degree of medical certainty.  In determining compensability and disability, where inconsistent or conflicting medical opinions exist, objective medical findings shall prevail over subjective medical findings.  Objective medical findings are those findings demonstrable on physical examination or by appropriate tests or diagnostic procedures.

§ 287.190.6(2).

The Fund's argument based on this statute is flawed because the SRTT did not test for Claimant's specific disability—an inability to *understand* speech.  Claimant testified that she had a "continuous buzzing" in her ears (tinnitus).  As a result, she could not understand what was said on television and could not understand normal conversation on the telephone.  Claimant also testified that it was hard for her to understand speech if more than one person was talking and that she frequently had to read lips in order to understand conversation.  The ALJ found her to be a "very credible witness."

In reaching his conclusions regarding the extent of Claimant's disability, Dr. Koprivica relied on a review of Claimant's audiograms which showed a high-frequency hearing loss abnormality.  According to Dr. Koprivica, that abnormality correlated with Claimant's subjective symptoms of tinnitus.  Dr.

6

Koprivica opined that these audiogram abnormalities provided an objective basis for his opinions regarding Claimant's tinnitus. Dr. Koprivica also reviewed Claimant's medical records and issued a report concluding that Claimant "shouldn't work in an area that requires speech discrimination[.]" "[I]f it is essential in the job that [Claimant] have the ability to understand speech well to be accurate, that's a job she couldn't do." Based on this restriction, Dr. Koprivica assigned a rating of 12.5 percent permanent partial disability.

The Fund's expert, Dr. Parmet, concluded that Claimant suffered no disability from tinnitus. He based his opinions on a 2012 SRTT where Claimant's results were normal. Dr. Parmet testified that "if you want to test the effect of tinnitus in impeding someone's ability about [sic] to appreciate the spoken word, you do [a SRTT]." Dr. Parmet proceeded to explain that during a SRTT the patient listens to a series of recorded spondees, a two-syllable word where both syllables are equally weighted, at normal speech frequencies in increasing levels of sound. The examiner determines the threshold level where the patient can understand at least 50 percent of the spondees. A normal threshold level is 25 decibels, and implies no impairment from the tinnitus. In other words, to pass the threshold, the person must hear at least half of what is being said.

Dr. Parmet also described a separate test, the SDT, which had not been performed on Claimant. Using a process similar to the SRTT, the SDT indicates a person's perception and understanding of words. Dr. Parmet further explained that "[the SRTT and the SDT] are the tests that would indicate if there is impairment in understanding speech due to tinnitus[,]" and the fact that no SDT had been performed on Claimant was "extremely" important. Dr. Parmet

7

also reported a "lack of complete audiologic testing" necessary to determine Claimant's disability from tinnitus.

Here, the Fund argues that because a SRTT was performed, and showed no impairment from Claimant's tinnitus, Section 287.190.6(2) required the Commission to deny Claimant's claim. While the SRTT may be an objective test, the resulting findings from that test did not refute Claimant's alleged disability which was of understanding. The SRTT, as described by Dr. Parmet, determines the sound level where a patient can understand 50 percent of the spondees played for them. However, Claimant did not complain of an inability to *hear*, but an inability to *understand* conversation. A finding that Claimant can understand half of the words spoken to her does not equate with an ability to understand conversation. Moreover, Dr. Parmet specifically limited his findings to "a quiet normal environment[,]" but Claimant's condition was exacerbated in group settings and in the presence of background noise. Quiet environments lessened the effects of Claimant's tinnitus in understanding speech.

Claimant and Dr. Koprivica both testified that, due to Claimant's tinnitus, she could not understand what people were saying to her. Based on the corresponding restriction assigned by Dr. Koprivica, the Commission assessed liability against the Fund. Section 287.190.6(2) does not require the Commission to credit *any* objective medical finding over relevant subjective findings; rather, the objective finding must address the particular question of compensability or disability in dispute. Here, that question was whether Claimant's tinnitus resulted in an inability to *understand* speech. The SRTT did not result in a finding that specifically refuted Claimant and Dr. Koprivica on that issue, and the

8

test that possibly could have disputed the finding (the SDT) was not performed. Thus, Section 287.190.6(2) did not require the SRTT-related findings to control the Commission's decision. Accordingly, the Fund's points are denied.

## **Decision**

The Commission's final award is affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS IN RESULT IN SEPARATE OPINION

JEFFREY W. BATES, J. – CONCURS

9



## Missouri Court of Appeals

### Southern District

#### Division One

KATHY HALL,                              )
                                         )
    Claimant-Respondent,           )
                                         )
vs.                                      )     No. SD34140
                                         )
MISSOURI STATE TREASURER,                )
AS CUSTODIAN of the SECOND               )
INJURY FUND,                             )
                                         )
    Respondent-Appellant.          )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## OPINION CONCURRING IN RESULT

What the Fund insists is "a question of law" is more accurately a complaint that

Dr. Parmet was the more credible expert. When Claimant points this out, the Fund

replies that:

> Dr. Koprivica is not as educated in, nor as experienced in, the area of
> medicine dealing with hearing loss and tinnitus. Dr. Koprivica is just
> not as familiar with hearing loss and tinnitus ....

If that's not a credibility argument, I don't know one, and it goes nowhere because we

are bound by the Commission's decision on which medical expert it believes.

***Pennewell v. Hannibal Reg'l Hosp***., 390 S.W.3d 919, 924 (Mo.App. 2013).

Although usually less blatant than quoted above, the tenor of the Fund's argument throughout is that the Commission should have given more weight to the opinions of Dr. Parmet (who never saw Claimant or himself performed any tests, objective or otherwise) than those of Dr. Koprivica. Such "against the weight" challenges should address four steps as outlined in cases like ***Jordan v. USF Holland Motor Freight, Inc.***, 383 S.W.3d 93, 95 (Mo.App. 2012). Failure to do so robs the Fund's arguments of most, if not all, persuasive or analytical value. ***Id***.

For these reasons, the Fund fails to convince me that it is entitled to appellate relief. I concur in the result.

DANIEL E. SCOTT, P.J. – CONCURRING OPINION AUTHOR