

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | |
|---|---|
| DAVID HOGENMILLER, | No. ED107016 |
| Respondent, | Labor and Industrial Relations Commission 13-104480 |
| vs. | |
| MISSISSIPPI LIME COMPANY, | Filed: May 7, 2019 |
| Appellant. | |

## OPINION

Mississippi Lime Company ("Employer") appeals the decision of the Labor and Industrial Relations Commission (the "Commission") awarding David Hogenmiller workers' compensation benefits based on a finding that Hogenmiller sustained a five-percent permanent partial disability of the body as a whole as a direct result of work-related tinnitus. Employer contends that the Commission erred by finding that Hogenmiller's expert, Dr. David Mason, an audiologist with a Ph.D. in hearing science, was qualified to testify regarding the nature, extent, and cause of Hogenmiller's tinnitus. Finding no error, we affirm.

### Factual and Procedural Background

Employer owns and operates a manufacturing plant where Hogenmiller worked for 41 years. Hogenmiller testified that he worked around loud machinery for over 20 years at the plant and for many years he was required to wear hearing protection due to workplace noise.

Hogenmiller, who had military experience, testified that he would not have been able to hear an M14 rifle discharge over the sound of the machinery he worked around. Also, he testified that the motorcycles he owned and rode were quieter than the noise at the plant.

In his workers' compensation claim, Hogenmiller asserted that he suffers from tinnitus as a result of his work for Employer. The Administrative Law Judge ("ALJ") received testimony from Hogenmiller's expert Dr. Mason and Employer's expert Dr. Mikulec, a medical doctor with a specialization in otolaryngology. Dr. Mason testified that Hogenmiller suffered a five-percent permanent partial disability of the body as a whole as a direct result of his work-related tinnitus. Dr. Mikulec testified that Hogenmiller suffered no disability related to his employment and that Hogenmiller's tinnitus was caused by aging, not his exposure to noise at the plant. Employer objected as to the admissibility of Dr. Mason's testimony, claiming Dr. Mason was unqualified to offer expert testimony on the nature, extent, and cause of Hogenmiller's tinnitus.

The ALJ overruled Employer's objections and found Dr. Mason's testimony to be admissible and credible and awarded Hogenmiller benefits representing five-percent of the body as a whole. The Commission affirmed the ALJ's award. This appeal follows.

### Standard of Review

Our standard for reviewing decisions of the Commission in workers' compensation cases is found in Article V, § 18 of the Missouri Constitution and § 287.495.1[1]. According to Article V, § 18, we review whether the Commission's decision is "authorized by law" and "whether it is supported by competent and substantial evidence upon the whole record." *Johme v. St. John's Mercy Healthcare*, 366 S.W.3d 504, 509 (Mo.banc 2012) (citing the constitutional provision). Section 287.495.1, for its part, directs us to review only questions of law, and provides that we

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

2

may modify, reverse, remand for rehearing, or set aside the Commission's award only upon the following grounds: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Johme*, 366 S.W.3d at 509 (citing § 287.495.1).

In the absence of fraud, the Commission's findings of fact are conclusive and binding. *Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 664 (Mo.banc 2015) (citing § 287.495.1). We defer to the Commission's determinations with regard to witness credibility and the weight accorded to conflicting evidence. *Id.* But we review issues of law *de novo* and accord no deference to the Commission's interpretation of the law. *Id.*

Decisions that are clearly interpretations of law, rather than determinations of fact, are reviewed by us for correctness without deference to the Commission's judgment. *McGhee v. W.R. Grace & Co.*, 312 S.W.3d 447, 451 (Mo.App.S.D. 2010). We also treat as a legal issue subject to *de novo* review fact findings reached through the application of the law, rather than by natural reasoning based on facts alone. *Id.*

## Discussion

In its sole point on appeal, Employer contends that the Commission erred by allowing Dr. Mason to testify regarding the nature, extent, and cause of Hogenmiller's tinnitus. Specifically, Employer argues that because Dr. Mason did not review any medical records, and because his opinion that Hogenmiller suffered from work-related tinnitus was based solely on Hogenmiller's subjective reports, Dr. Mason lacked any superior knowledge regarding the relevant subject matter that might assist the trier of fact and thus his testimony was inadmissible under § 490.065.

3

Employer also claims that Dr. Mason's report was inadmissible because it was not based on reliable data as required by § 490.065.1.

1. *Applicable principles of Missouri law regarding expert medical testimony.*

Section 490.065[2] provides in pertinent part:

1. In any civil action, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise . . . 3. The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.

The statute charges the Commission with determining (1) whether the expert is qualified; (2) whether the expert's testimony will assist the trier of fact; (3) whether the expert's testimony is based on facts or data reasonably relied on by experts in the field; and (4) whether the facts or data on which the expert relies are otherwise reasonably reliable. *Kivland v. Columbia Orthopedic Grp.*, 331 S.W.3d 299, 310-11 (Mo.banc 2011) (citing § 490.065). In deciding whether to admit an expert's testimony, the Commission is required to ensure, however, only that the statutory factors are met—not that they are met to any particular degree. *Id.* And whether expert opinion testimony satisfies the requirements of § 490.065 is a matter of discretion. *McGuire v. Seltsam*, 138 S.W.3d 718, 721 (Mo.banc 2004); *Nixon v. Lichtenstein*, 959 S.W.2d 854, 860 (Mo.App.E.D. 1997) ("Whether a witness's qualifications to state an opinion are sufficiently established rests largely in the discretion of the trial court and its ruling will not be disturbed on appeal unless there is a clear showing of abuse.").

A medical expert need not be a medical doctor, or physician. *Landers v. Chrysler Corp.*, 963 S.W.2d 275, 282 (Mo.App.E.D. 1997), overruled on other grounds by *Hampton*, 121 S.W.3d

---

[2] This statute was amended in 2017. See RSMo Cum. Supp. 2017.

4

at 226. "[T]he question is whether [the] witness possesses a 'peculiar knowledge, wisdom or skill regarding the subject of inquiry, acquired by study, investigation, observation, practice or experience.'" *Emerson Elec. Co. v. Crawford & Co.*, 963 S.W.2d 268, 271 (Mo.App.E.D. 1997) (quoting *Seabaugh v. Milde Farms*, 816 S.W.2d 202, 208 (Mo.banc 1991)). "[I]t must be shown that due to the witness's education or specialized experience, he 'possesses superior knowledge' on a subject that persons without such education or experience would be incapable of forming an accurate opinion or drawing correct conclusions." *Penzel Constr. Co., Inc. v. Jackson R-2 School*, 544 S.W.3d 214, 229 (Mo.App.E.D. 2017).

2. *Tinnitus is a compensable work-related injury separate and apart from hearing loss.*

Tinnitus is a compensable work-related injury separate and apart from hearing loss. *Thatcher v. Trans World Airlines*, 69 S.W.3d 533, 535 n.1 (Mo.App.W.D. 2002) (citing *Poehlein v. Trans World Airlines, Inc.*, 891 S.W.2d 505, 506 (Mo.App.E.D. 1994), overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 228 (Mo.banc 2003)). Tinnitus is governed by § 287.063 and not § 287.197 because § 287.197 only applies to occupational deafness. *Lawrence v. Anheuser Busch Cos., Inc.*, 310 S.W.3d 248, 251 (Mo.App.E.D. 2010).

Both experts here agree that there is no objective standard for diagnosing tinnitus, and the Commission has previously found in *Reisinger v. Miss. Lime Co.*, 2015 WL 9460185, at *2 (Mo.Lab.Ind.Rel.Comm'n 2015) "that it is not possible for a physician to 'demonstrate' or 'certify' [an] employee's disability referable to tinnitus." Nevertheless, tinnitus claims based on subjective evidence have prevailed in Missouri. *See, e.g., Hall v. Mo. State Treasurer*, 500 S.W.3d 282, 287 (Mo.App.S.D. 2016).

3. *The experts and their opinions at issue here.*

Dr. Mason's opinion as to the nature and extent of Hogenmiller's tinnitus was based upon (1) Hogenmiller's responses to a questionnaire concerning his history with tinnitus including the sounds he heard; (2) a sound-matching procedure in which Dr. Mason attempted to measure the decibel level of Hogenmiller's tinnitus by having him listen to other sounds of varying decibels and report the similarities and differences; and (3) Dr. Mason's review of Hogenmiller's hearing tests carried out by Employer. Dr. Mason conceded that a claimant may attempt to manipulate the responses to the questionnaire and during the sound-matching procedure. However, he then testified that through his many years of experience he developed methods to distinguish between the credible and the less-than-credible responses. Specifically, Dr. Mason stated that there are certain responses to the questionnaire and during the sound-matching procedure that are strongly indicative that a patient has tinnitus.

Employer argues that Dr. Mason's training and practice as an audiologist do not qualify him to render opinions on the cause of tinnitus or the extent of disability caused by tinnitus. In finding Dr. Mason qualified to testify as an expert on tinnitus, the Commission relied upon, *inter alia*, Dr. Mason's familiarity with the practice of audiology through his decades of experience as an audiologist from 1983 to 2003 and his many professional roles for various institutions. While we review *de novo* the admissibility of an expert's opinion because that involves the interpretation of § 490.065, *Kivland*, 331 S.W.3d at 311, the extent of an expert's training or experience goes to the weight of the testimony and does not render the testimony incompetent. *Whitnell v. State*, 129 S.W.3d 409, 413 (Mo.App.E.D. 2004).

We reject Employer's argument that Dr. Mason was unqualified to testify about tinnitus because he has focused his practice on the field of audiology and not on tinnitus. Given Dr.

6

Mason's background and experience in audiology, alongside his multitude of other credentials, and considering that he has developed informed techniques to measure a claimant's tinnitus, we find that the Commission did not err in finding that Dr. Mason was qualified to testify as an expert on tinnitus.

We also find for the same reasons that Dr. Mason's report is admissible. Dr. Mason's report consists of Hogenmiller's subjective responses to the questionnaire and the results from the sound-matching procedure, which we have held to be sufficient to support Dr. Mason's opinion in this case. Consequently, the Commission did not err in finding that Dr. Mason's report was admissible.

## Conclusion

For the reasons stated above, we affirm the Commission's award.

_____
James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Lawrence E. Mooney, J., concur.

7