LAURA WILLIAMS, )
 )
 Respondent, )
 )
and )
 )
JENNIFER WILLIAMS, next friend of )
COURTNY WILLIAMS and )
KENNEDY WILLIAMS, )
 )
 Appellants/Respondents, )
 ) No. SD36883 and SD36892
 vs. ) (Consolidated)
 )
REEDS, LLC, ) Filed: October 5, 2021
 )
 Respondent/Cross-Appellant. )

 APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

AFFIRMED

 Jacob Williams died tragically while working at his automotive repair business.

His widow and daughters from a previous marriage were awarded workers’ compensation

benefits. On appeal, the employer/insurer (“Employer”) challenges the compensation

rate, as well as admission of and application of certain expert testimony. Jacob’s

daughters cross-appealed the Commission’s finding that one of them was no longer a total

dependent entitled to compensation once she reached the age of 18. We affirm.
 Background

 Jacob1 was the sole member of Reeds, LLC (“Reeds”). Through Reeds, Jacob

operated an automotive parts and repair shop. Jacob’s wife, Laura, kept Reeds’ books.

Reeds’ income for tax purposes was reflected on a Schedule C filed with Jacob’s and

Laura’s personal income tax returns.

 Jacob was not on the payroll as an employee and he reported to Reeds’ workers’

compensation insurer that he received no wages. However, he took a weekly draw of $600

or more by writing checks to himself on the business checking account, often at the same

time as Reeds’ employees were paid. He also used the business checking account to pay

for personal expenses such as groceries, medical bills, home improvements, race car

expenses, fuel for personal vehicles, and loan payments on his personal truck. These

expenses were categorized as business expenses on tax returns.

 In December of 2015, a truck bed fell on Jacob’s chest, killing him instantly. Laura

and Jacob’s then-minor daughters from a prior marriage, Courtny and Kennedy,

(“Daughters”) filed claims for workers’ compensation benefits. Prior to the hearing before

the administrative law judge (“ALJ”), Courtny turned 18. The contested issues to be

decided at the hearing were: 1) average weekly wage and applicable compensation rate,

and 2) division of death benefits between Laura and Daughters.

 Over Employer’s objections, the administrative law judge (“ALJ”) received

deposition testimony of Daughters’ expert, an attorney with considerable experience in

family law but little or no training or experience in workers’ compensation law or tax law.

Daughters’ expert testified that when calculating child support, income would be imputed

1 We refer to the Williams family members by their first names to distinguish between persons with the

same surname. No familiarity or disrespect is intended.

 2
when a parent owns a business and their income is more difficult to ascertain than that of

a salaried employee. He reviewed Reeds’ financial records and divided expenses into

what he considered to be legitimate business expenses and what he considered to be

business payment of Jacob’s personal expenses. Adding Jacob’s draws from the business

account and personal expenses paid from Reeds’ accounts, Daughters’ expert calculated

Jacob’s earnings to be $62,100.13 for the year immediately preceding Jacob’s death, or

an average weekly wage of $1,194.23.

 Employer offered testimony from a certified public accountant with business

valuation and financial forensics designations. He testified that an LLC’s net profit

reported on tax returns would be the proper measure of earnings for the LLC’s sole

member who has no other income and is not a W-2 employee. He testified the tax returns,

which show net profits of $13,127 in 2014 and $13,337 in 2015, reflect business profits

attributable to Jacob.

 The ALJ credited the testimony of Daughters’ expert and found Jacob’s average

weekly wage was $1,194.23, resulting in a weekly compensation rate of $796.15. The ALJ

found Courtny remained a dependent because she “is enrolled” at a community college.

Compensation was to be apportioned equally between Laura, Courtny, and Kennedy until

one of them was no longer eligible, then between the two who remained eligible, and so

on.

 Employer applied for review by the Commission, challenging, among other things,

the admission of testimony from Daughters’ expert, the compensation rate, and Courtny’s

dependency. In a split decision, two commissioners affirmed the ALJ’s average weekly

wage calculation (adjusted by a few cents) and two commissioners found Courtny’s

dependency terminated on her 18th birthday because she had enrolled in only three course

 3
credits for the semester during which she turned 18. This was not a full-time course load

and § 287.240(3)(b)2 provided no means to revive dependent status through later

enrollment in a full-time course of study. Daughters appealed and Employer cross-

appealed.

 Evidentiary Challenges (Employer’s Points I and II)

 Employer’s first two points challenge the admission of and reliance on testimony

from Daughters’ expert.

 Missouri law generally guiding expert testimony in civil cases is found in

§ 490.065.1.3

 If scientific, technical or other specialized knowledge will assist the trier of
 fact to understand the evidence or to determine a fact in issue, a witness
 qualified as an expert by knowledge, skill, experience, training, or education
 may testify thereto in the form of an opinion or otherwise[.]

§ 490.065.1(1). Missouri courts have applied this standard to evaluate the admissibility

of expert witness testimony in workers’ compensation cases. See Hogenmiller v.

Mississippi Lime Co., 574 S.W.3d 333, 336-37 (Mo.App. 2019). The Commission must

ensure that expert opinion testimony satisfies the requirements of § 490.065. Id. at 337.

Whether the requirements were met is a matter of discretion we will not disturb on appeal

absent a clear showing of abuse. Id.

 The ALJ specifically cited § 490.065.1 and cases interpreting that standard in

determining that Daughters’ expert was qualified to render an opinion. The Commission

endorsed and adopted this analysis.

 Section 287.250.1—.3 provides formulae to calculate an employee’s average weekly

2 Chapter 287 statutory references are to RSMo. 2016.
3 Chapter 490 statutory references are to RSMo. Cum. Supp. 2017.

 4
earnings, which serves as the basis for determining compensation. Here, the Commission

found Jacob’s average weekly wage could not be determined pursuant to these

subsections. In this case, as in all special cases with exceptional facts such that the

employee’s average weekly wage cannot be fairly and justly determined by any of these

formulae, the average weekly wage must be determined “in such manner and by such

method as, in the opinion of the division or the commission, based upon the exceptional

facts presented, fairly determine such employee’s average weekly wage.” § 287.250.4.

When applicable, this subsection gives the Commission “considerable discretion” in

determining an employee’s average weekly wage. Hadley v. Beco Concrete

Products, Inc., 505 S.W.3d 355, 361 (Mo.App. 2016) (quoting Nielsen v. Max One

Corp., 98 S.W.3d 585, 590 (Mo.App. 2003)4.

 Employer agrees that § 490.065.1 is applicable here and acknowledges that

“superior knowledge” and expert opinion were required to determine Jacob’s earnings in

this case. Employer contends Daughters’ expert was not familiar with workers’

compensation law and therefore was not qualified to render expert opinions about

computation of wages in a workers’ compensation case.

 Daughters’ expert did not need specialized knowledge of workers’ compensation

law to be qualified as an expert witness. When § 287.250.4 applies, as here, the standard

wage formulae do not apply. What is relevant and helpful in these circumstances is

testimony about methods and considerations to calculate an employee’s wages fairly.

That is what Daughters’ expert provided. To the extent that Employer argues the methods

or qualifications of Daughters’ expert were not as compelling as Employer’s expert, we

4
 Overruled on other grounds by Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 226 (Mo. banc
2003).

 5
must defer to the Commission’s determinations on such matters as credibility of

witnesses and weight given to conflicting evidence. Greer v. SYSCO Food Services,

475 S.W.3d 655, 664 (Mo. banc 2015).

 The Commission did not abuse its discretion in admitting and relying on testimony

from Daughters’ expert. Points I and II are denied.

 Average Weekly Wage (Employer’s Points III and IV)

 When an injury causes death, § 287.240 directs employers to pay, among other

things, “to the dependents of the employee a death benefit based on the employee's

average weekly earnings during the year immediately preceding the injury that results in

the death of the employee, as provided in section 287.250.” Employer does not contest

that Jacob was an employee whose dependents are entitled to worker’s compensation

benefits or that this is a special case in which average weekly income must be determined

under § 287.250.4.

 “Wage rate is a question of fact.” T.H. v. Sonic Drive In of High Ridge, 388

S.W.3d 585, 595 (Mo.App. 2012). “[W]hen the evidence before the Commission would

warrant either of two opposed findings, we are bound by the Commission's determination

and it is irrelevant that there is evidence which would support a contrary finding.”

Ritchie v. Silgan Containers Mfg. Corp., 625 S.W.3d 787, 797 (Mo.App. 2021).

 Employer acknowledges that Jacob wrote checks to himself from the business

account but argues that is evidence of a business owner taking a distribution, not

necessarily payment for services rendered. Employer also argues that most of the

expenses paid from the business account were business expenses, not personal expenses.

 We find Oberley v. Oberley Engineering, Inc., 940 S.W.2d 953 (Mo.App.

 6
1997)5 instructive as to the calculation of income in these circumstances. In Oberley,

the business’s revenue was generated by services provided by or under the supervision of

its sole shareholder, a consulting engineer. There, as here, the business owner earned no

reported wage as an employee yet he paid some personal expenses from business funds.

The Commission applied § 278.250.4 and, based in part on the testimony of an expert as

to the classification of expenses as business or personal, the Commission calculated the

decedent’s prior year’s income was $20,346. Id. at 955. The employer appealed, arguing

that, based on net income reflected in tax returns and financial records, the company did

not generate sufficient income to pay such a wage. Id. at 958. This court affirmed, finding

no abuse of discretion in the method employed by the Commission in applying §

278.250.4. Id. The compensation rate found by the Commission was supported by the

evidence in that it was less than the business owner’s personal expenses paid by the

company in the prior year. Id.

 In Oberley, as here, the business owner’s spending and bookkeeping practices

complicated the calculation of average weekly income. As the ALJ noted in a decision

adopted by the Commission, the parties stipulated that Jacob was an employee, and

Employer paid and continued to pay benefits based on yearly earnings of $32,400. Yet

Employer argued, and continues to argue on appeal, that Jacob earned no wage for his

work as an employee and the business’s net profit of $13,337 should be Jacob’s annual

wage for workers’ compensation purposes.

 The wage/distribution and personal/business distinctions were argued below,

were considered by the Commission, and were ruled mostly against Employer. There was

5 Overruled on other grounds by Hampton, 121 S.W.3d at 226.

 7
no lack of evidence as to payments and expenses. The conflicting evidence was expert

testimony as to how the Commission should classify those payments and expenses as they

related to Jacob’s average wage. The Commission’s finding of fact as to Jacob’s average

wage is supported by the evidence and is within its “considerable discretion” afforded by

§ 287.250.4. Hadley, 505 S.W.3d at 361. Points III and IV are denied.

 Dependency (Daughters’ Point I)

 By application of § 287.240(3)(b), Courtny ceased to be a dependent for workers’

compensation purposes when she attained the age of 18, unless a statutory extension

applied. She persuaded the ALJ, but not the majority of the Commission, that she was in

attendance and remained a full-time student in an accredited educational institution after

her 18th birthday. See § 287.240(3)(b). Daughters do not challenge the sufficiency of the

evidence or application of the substantive law on this issue; rather, they argue Employer

lacked standing to appeal Courtny’s dependency status, and therefore the Commission

had no authority to review the issue.

 “Any interested party in a contested case may appeal from a final award, order, or

decision made by an administrative law judge of the Division of Workers' Compensation

by making an application for review . . . as provided by section 287.480, RSMo.”

8 CSR § 20-3.030(1). Daughters contend Employer’s only interest is the amount of the

weekly compensation benefit paid, not the dependent(s) to whom it is paid. We disagree.

 As addressed by the Commission in its final award, Employer has a legitimate

interest in verifying and monitoring the status of any benefit recipients. Limiting the

number of beneficiaries potentially reduces Employer’s liability because one or more

beneficiaries may die or otherwise become ineligible to receive benefits prior to the time

the Employer’s liability for compensation ends. See § 287.240(3)(a) and (b). Indeed,

 8
§ 287.240(8) mandates that dependents receiving death benefits file annual reports

regarding their continuing eligibility. Daughters’ point I is denied.

 Conclusion

 We affirm the Commission’s award. Motions taken with the case are denied.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

 9